**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTENOR HERMAN REYNOSO-ORTEGA,<br><br>              Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 05-77264<br><br>Agency No. A29-191-929<br><br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2010
Pasadena, California

Before:     O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, [**]
            District Judge.

    Antenor Reynoso-Ortega ("Petitioner"), a citizen of Peru, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal of an Immigration Judge's ("IJ") denial of his application for asylum,

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

withholding of removal, protection under the United Nations Convention Against Torture ("the CAT"), suspension of deportation, and voluntary departure. We have jurisdiction, 8 U.S.C. § 1252, and review for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Petitioner claimed that he had been persecuted by *Sendero Luminoso*, a/k/a "Shining Path." The BIA's conclusion that Petitioner was not credible is supported by substantial evidence. Petitioner's 2004 testimony to the IJ was directly contrary to his 1994 testimony to the asylum officer, and the discrepancy went to the heart of his claim. Regardless of his credibility, Petitioner's asylum claim also fails because he did not demonstrate that he was targeted by Shining Path on account of a protected ground; his service in the Peruvian Army does not qualify. *Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000). In light of this disposition, we have no need to address whether Petitioner was properly classified as a persecutor, barring him from asylum relief. 8 U.S.C. § 1158(b)(2)(A)(i).

Since he cannot establish eligibility for asylum, it necessarily follows that Petitioner cannot meet the higher standard for withholding of removal. *Cruz-Navarro*, 232 F.3d at 1031.

As to Petitioner's claim under the CAT, the record contains no evidence that Shining Path operates with the acquiescence of the Peruvian government. *Zheng v.*

2

*Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003) (noting that acquiescence may be established by showing a government's "willful blindness to the torture of [its] citizens by third parties"). Accordingly, Petitioner failed to demonstrate eligibility for relief under the CAT.

Because Petitioner raises no colorable constitutional claim or question of law, we lack jurisdiction to review the BIA's discretionary decision to deny suspension of deportation and voluntary departure. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**